UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNIOR JEOVANY CRISTOBAL
GASPAR,

        Petitioner,

v.                                    Case No.: 2:26-cv-00070-SPC-NPM

FIELD OFFICE DIRECTOR *et al.*,

        Respondents,

## **OPINION AND ORDER**

Before the Court are Junior Jeovany Cristobal Gaspar's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Cristobal Gaspar's reply (Doc. 7). For the below reasons, the Court grants the petition.

Cristobal Gaspar is a native and citizen of Guatemala. He entered the United States with inspection as an unaccompanied child on December 7, 2019. The Department of Homeland Security ("DHS") issued Cristobal Gaspar a notice to appear and transferred him to the custody of U.S. Health and Human Services' Office of Refugee Resettlement. On January 6, 2020, the office released Cristobal Gaspar to the custody of his father. Cristobal Gaspar filed an asylum application on September 30, 2021. He has no criminal history, and he has attended all scheduled immigration hearings. An immigration judge

terminated his removal proceedings on August 13, 2024, citing his pending asylum application.

Cristobal Gaspar is authorized to work in the United States, and he has a construction job. On January 10, 2026, Immigration and Customs Enforcement ("ICE") arrested Cristobal Gaspar while he was on his way to work. ICE continues to detain him at Alligator Alcatraz without the opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Cristobal Gaspar. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Cristobal Gaspar asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-

SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents also argue § 1225(b)(2) applies to Cristobal Gaspar's current detention because he was detained at the border upon his entry in 2019. But applying § 1225(b)(2) to noncitizens years after they were apprehended at the border and released into the county does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9),

3

and exhaustion is excused because it would be futile. And like the petitioners in those cases, Cristobal Gaspar's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Cristobal Gaspar has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Cristobal Gaspar before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. In other cases before this Court, the respondents have claimed they cannot direct the EOIR when to conduct a bond hearing. Regardless, subjecting Cristobal Gaspar to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Cristobal Gaspar receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Junior Jeovany Cristobal Gaspar's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)  Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Cristobal Gaspar for an individualized bond hearing before an immigration judge or (2) release Cristobal Gaspar under reasonable conditions of supervision.  If the respondents release Cristobal Gaspar, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on January 29, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1